UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR-03-069-N-EJL |
| Plaintiff-Respondent, | ) | CV-08-191-N-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| CHRISTOPHER CLOSE, | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

Pending before the Court in the above-entitled matter is Petitioner Christopher Close's Petition to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The Government filed a response to the Petition and Mr. Close has filed his reply. The matter is ripe for consideration by the Court.

### Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the Government and a hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . ." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied,* 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). In order to withstand summary dismissal of his motion for relief under § 2255, without an evidentiary hearing, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).

Section 2255 motions which allege violations of federal law are generally cognizable only if they involve a "fundamental defect which results in a complete miscarriage of justice." There is a distinction between constitutional and jurisdictional errors and errors of law or fact. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982). If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (citing Hill, 368 U.S. at 428). However, § 2255 is not a substitute for appeal. Addonizio, 442 U.S. at 184. If the matter has been decided adversely to the defendant on direct appeal, the matter cannot be relitigated on collateral attack. Clayton v. United States, 447 F.2d 476, 477 (9th Cir. 1971); Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987).

## Factual and Procedural Background

Mr. Close was indicted on March 12, 2003 for seventy-seven counts of health care fraud in violation of 18 U.S.C. § 1347, fifteen counts of money laundering in violation of 18 U.S.C. § 1956, and two counts of criminal forfeiture. (Dkt. No. 1).[1] A superseding indictment was later filed adding counts for obstruction of a federal audit in violation of 18 U.S.C. § 1516 and obstruction of a criminal investigation of health care offenses in violation of 18 U.S.C. § 1518. (Dkt. No. 33). Petitioner entered pleas of not guilty to all counts and the matter was set for trial. (Dkt. No. 44). The jury trial commenced on July 19, 2004 on certain of the counts. (Dkt. No. 111). The jury returned a special verdict of guilty on all counts that were submitted to the jury. (Dkt. No. 120). A sentencing phase was then conducted on December 14, 2004. (Dkt. Nos. 148, 149). The sentencing jury returned a special verdict form finding a loss amount of more than $160,000, that Mr. Close had engaged in more than minimal planning for certain counts, the number of victims were fifty

---

[1] The Court's citations to the record refer to the criminal case CR03-69-N-EJL unless otherwise indicated.

MEMORANDUM ORDER - 2

or more, Mr. Close used sophisticated means as to the money laundering offenses, there were vulnerable victims, and that Mr. Close had abused a position of trust and obstructed justice. (Dkt. No. 152).

Thereafter, the Court allowed appointed trial counsel to withdraw and Mr. Close's retained counsel substituted in for purposes of sentencing.  The Court denied the defense motions to continue the sentencing hearing which was set for February 22, 2005.  Mr. Close failed to appear for the February 22, 2005 sentencing hearing and the Court continued the matter to the following day.  (Dkt. No. 172).  On February 23, 2005, the Court sentenced Mr. Close to 96 months imprisonment on the health care fraud and money laundering counts and 60 months imprisonment on the obstruction counts all to run concurrently.  (Dkt. Nos. 174, 178).  Mr. Close was also sentenced to three years supervised release, a $50,000 fine, restitution in the amount of $216,010.03, and a special assessment of $4,100.  (Dkt. Nos. 174, 178).  Mr. Close was allowed to self surrender on March 30, 2005.  The Court later denied Mr. Close's motion to stay his sentence pending appeal.  (Dkt. No. 190).

Mr. Close filed a notice of appeal on March 3, 2005.  (Dkt. No. 175).  On October 20, 2006, the Ninth Circuit issued its memorandum order affirming the convictions and sentence of Mr. Close.  (Dkt. No. 253, 254).  The Ninth Circuit denied Mr. Close's petition for rehearing on February 15, 2007.  Mr. Close filed his timely § 2255 Petition on May 1, 2008. (Dkt. No. 284).

Discussion

The Petition cites four grounds for relief: 1) violation of the Sixth Amendment right to counsel, 2) violation of the Sixth Amendment right to effective assistance of counsel, 3) violation of the Fifth Amendment right to due process of law, and 4) errors in the money laundering counts. (Dkt. No. 284).  The claims relate mainly to the relationship between Mr. Close and his Court appointed trial counsel, the Court's denial of Mr. Close's motion to continue, the Court's consideration of sealed affidavits submitted by Mr. Close's trial

counsel, ineffective assistance of trial counsel, and insufficient evidence and inappropriate jury instructions as to the money laundering counts. (Dkt. No. 285). The Petition also asks the Court to authorize discovery and order an evidentiary hearing on these matters. (Dkt. No. 285). The Government opposes the Petition in all respects. (Dkt. No. 6). The Court will consider the arguments raised in the Petition in turn.

I.    Denial of Defendant's Motion to Continue:

The Indictment in this case was filed on March 12, 2003 and Superseding Indictment was filed on August 14, 2003. (Dkt. Nos. 1, 33). After several continuances, the trial commended on July 14, 2004, some one year and four months after the Indictment was filed.[2] (Dkt. No. 111). On July 12, 2004, immediately before trial was set to begin, a motion to continue was filed by an attorney retained by Mr. Close, Mr. Douglas Phelps, citing a conflict between Mr. Close and his court appointed trial counsel. The Court heard argument on the motion on the morning of the first day of trial, July 14, 2004, and denied the motion. (Dkt. No. 111). The Court reserved the right to memorialize the basis for its ruling in writing which it later did. (Dkt. No. 123). The Court's oral and written findings make clear in that the Court's denial of the motion to continue was well founded in the law based on the facts and the record in this case. As the motion to continue was untimely, would have resulted in an unwarranted lengthy delay, and result in prejudice to the Government.  (Dkt. No. 123).

As to Mr. Close's argument that he was constructively denied his Sixth Amendment right to counsel, this argument lacks merit. (Dkt. No. 285, p. 11). The motion before the Court on July 14, 2004, asked for a continuance of a criminal trial that had been pending for over a year which would have caused an excessive delay and prejudice to the Government. Moreover, there was no indication at the time of the hearing on the motion that Mr. Close had actually retained new counsel to represent him but only that he had retained counsel for the

---

[2] In his reply, Mr. Close disputes that any of these continuances were of his own making. (CV08-191-N-EJL, Dkt. No. 7). Regardless, the point here is that the case was pending for some time and had been continued several times.

MEMORANDUM ORDER - 4

limited purpose of pursing a continuance in this matter so that he could retain counsel. Though at the hearing the retained attorney did state he would be willing to take the case, his willingness was conditioned on a continuance of the trial for at least 120 days.  The Court appropriately considered this when ruling on the motion as is evidenced by the hearing transcript where the Court inquired into the tension between Mr. Close and his trial counsel. In doing so, the Court did not constructively deny Mr. Close his right to counsel.  (Dkt. No. 123).

Mr. Close maintains the Court failed to properly inquire as to the conflict between trial counsel and Mr. Close before ruling on the motion to continue.  Both the decision whether to grant a motion to continue and whether to grant a motion to withdraw/substitute counsel are matters made upon the Court's discretion.  United States v. Meeks, 987 F.2d 575 (9th Cir. 1993).  As the Ninth Circuit recognized "broad discretion must be granted trial courts on matters of continuances."  United States v. Garrett, 179 F.3d 1143, 1145 (9th Cir. 1999) (quoting  Morris v. Slappy, 461 U.S. at 11).  In Morris the Supreme Court stated:

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon the expeditiousness in the face of a justifiable request for delay' violates the right to assistance of counsel.

Garrett at 1145 (quoting Morris, 461 at 11-12 (citation omitted)).  "When a motion for a continuance arguably implicates a defendant's Sixth Amendment right to counsel, the court must consider the effect of its decision on this fundamental right.  A defendant's right to counsel is central to our system of justice."  Garrett, 179 F.3d at 1147 (citing Holloway v. Arkansas, 435 U.S. 475, 489 (1978) ("assistance of counsel is among those 'constitutional rights ... basic to a fair trial'") and Gideon v. Wainwright, 372 U.S. 335, 340 (1963) (the right to counsel is "fundamental")).  "Under the Sixth Amendment, [a defendant has] the right to counsel to assist him. What is considered sufficient is representation that is competent.  A

MEMORANDUM ORDER - 5

'meaningful relationship' between client and counsel has been judged by high authority to be unnecessary to satisfy the Sixth Amendment." United States v. Holloway, 259 F.3d 1199, 1201 (9th Cir. 2001) (citing Morris v. Slappy, 461 U.S. 1 (1983)).  "Although [a defendant] is not entitled to a particular lawyer with whom he can, in his view, have a 'meaningful attorney-client relationship,' Morris v. Slappy, 461 U.S. 1, 3-4 (1983), if the relationship between lawyer and client completely collapses, the refusal to substitute new counsel violates [a defendant's] Sixth Amendment right to effective assistance of counsel...." Garrett, 179 F.3d at 1144 (citation omitted)(citing Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970) (Where the defendant and his counsel are embroiled in an irreconcilable conflict the denial of a motion to withdraw violates the defendant's right to effective counsel)).

At the hearing in this case, the Court inquired as to (1) the length of the requested continuance; (2) the inconvenience caused by such a delay; (3) the degree of the conflict between the defendant and counsel; and (4) the timeliness of the motion.  United States v. Moore, 159 F.3d 1154, 1160 (9th Cir. 1998).  The Court heard from appointed trial counsel, the attorney appearing for Mr. Close, and Mr. Close himself.  Although there was tension between Mr. Close and appointed trial counsel, the Court concluded that trial counsel was prepared to proceed with the trial, and that the tension between the two was not such that Mr. Close was denied his constitutional rights.  Trial counsel stated at the hearing that he was prepared to go forward with the trial, which proved to be true based on his performance at trial.

The Court took great efforts to inquire into the extent of the tension between the two and determine whether or not an irreconcilable conflict existed that would result in prejudice to Mr. Close.  Mr. Close repeatedly quotes a statement by the Court's at the hearing as evidence of the fact that the Court was unwilling to entertain argument and allow Mr. Close to respond to trial counsel's arguments.  (CV08-191-N-EJL, Dkt. No. 7, p. 7) (Court: "I am not in here to have an argument about this matter, just to have a record made.").  Just the

MEMORANDUM ORDER - 6

opposite is true. When read in its entirety the transcript reveals that the Court allowed each of those present to speak and be heard by the Court before it rendered its decision. After hearing from all sides, including Mr. Close and his retained counsel, the Court concluded that the tension between Mr. Close and his trial counsel was not such that new counsel was required. Moreover, Mr. Close had not demonstrated grounds for a continuance that outweighed the undue prejudice to the Government and the public from the lengthy continuance that would have been necessary in order for a new attorney to prepare for trial in this matter. (Dkt. No. 123).

II.    Defendant's Due Process Rights:

In denying the motion to continue, the Court considered certain *ex parte* affidavits submitted by trial counsel. These affidavits were filed under seal and not provided to Mr. Close. The consideration of these affidavits, Mr. Close argues was improper as it violated his due process rights by precluding him from responding to the affidavits. "The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall ... be deprived of life, liberty, or property, without due process of law.'" United States v. James Daniel Good Real Property, 510 U.S. 43, 48 (1993). "[T]he general rule [is] that individuals must receive notice and an opportunity to be heard before the Government deprives them of [life, liberty, or] property." Id. (citations omitted). Mr. Close's due process rights were not violated by the Court's consideration of his trial counsel's *ex parte* affidavits.

During the July 14, 2004 hearing, trial counsel summarized his affidavits to the Court making Mr. Close and his retained attorney aware of the substance of the affidavits.[3] Mr. Close was not prejudiced by the Court's consideration of the affidavits as trial counsel voiced the basis for the affidavits in open court. The Court allowed both Mr. Close and his retained

---

[3] In his reply, Mr. Close disputes that trial counsel's statements regarding the materials in the sealed affidavits were anything more than generalized terms that did not reveal to Mr. Close the specific claims made in the affidavits. (CV08-191-N-EJL, Dkt. No. 7, p. 4). The transcript from the hearing reflects otherwise. Trial counsel discussed specific instances of disputes between he and Mr. Close in terms of the investigator, potential witnesses, and the like.

MEMORANDUM ORDER - 7

attorney the opportunity to speak on the motion at the hearing outside the presence of the Government.  Further, the affidavits merely provided trial counsel's opinion regarding his preparation for the trial and the arguments raised in Mr. Close's motion to continue.  The Government's counsel was then allowed to voice his arguments regarding the matter.  The Court took all of these into consideration in ruling on the motion.  It is clear in the oral and written rulings of the Court that the denial of the motion to continue was based less on the affidavits than it was upon the untimeliness of the motion, the unreasonable length of the continuance, and the substantial prejudice to the Government that would occur were the motion to be granted.  In making this ruling, as noted above, the Court conducted a proper inquiry into the tension between Mr. Close and his trial counsel.  Unlike the court in Nguyen, this Court gave due consideration to Mr. Close's request for new counsel and a continuance by holding a hearing, asking questions of the parties, and taking argument from all sides.  See United States v. Nguyen, 262 F.3d 998 (9th Cir. 2001).  Having had the benefit of being present during the hearing and having the first hand view of the parties demeanor during the hearing and taking into consideration the argument from all sides, the Court rendered its ruling confident that Mr. Close's rights were protected.

Mr. Close also argues his due process rights were violated by the Court's consideration of the affidavits for the purposes of sentencing.  This argument is simply not consistent with the record.  The Court's sentencing was based on the entire record in this matter.  The Court had extensive involvement in this case having had the opportunity to preside over both the trial and the sentencing trial in addition to ruling on all of the various pretrial motions.  More importantly, Mr. Close certainly can not argue that he was prejudiced by the Court's sentence, which was below the guideline range.

III.    Claims Relating to the Money Laundering Statutes:

Mr. Close cites error as to the money laundering counts in that there was insufficient evidence to sustain the conviction and error in the Court's jury instructions.   As the Government points out, these claims are inappropriate on a § 2255 Petition as Mr. Close did not raise the issue in his direct appeal and the alleged errors are not constitutional challenges or errors involving exceptional circumstances.   Generally, courts do not entertain § 2255 motions if the Defendant did not raise the claims on direct appeal.   United States v. Frady, 456 U.S. 152, 162-166 (1982); see also Marshall v. United States, 576 F.2d 160, 162 (9th Cir. 1978) (non-constitutional issues are improper for collateral review where no resulting fundamental defect would lead to a complete miscarriage of justice).   "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default."   United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) (citations omitted).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'"   United States v. Braswell, 501 F.3d 1147, 1149-50 (9th Cir. 2007) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).   This test requires the petitioner to demonstrate "not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."   Id. at 1150 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original). This test does not preclude claims not raised on appeal that rest upon a new legal or factual basis that was unavailable at the time of the appeal or claims for ineffective assistance of counsel.   See id. at 1150.

MEMORANDUM ORDER - 9

Mr. Close has not met his burden of showing cause and actual prejudice or actual innocence.  Regardless, in the interest of justice, the Court has considered the substance of the claims and finds them to be without merit.

      A.    <u>Sufficiency of the Evidence</u>:

Mr. Close asserts that the evidence at trial was not sufficient to support guilty verdicts on the money laundering charges under either the "promotional theory" or the "concealment theory."  (Dkt. No. 285, pp. 28-32).  The Government maintains the evidence at trial was sufficient to support the money laundering convictions on both theories.  In his reply, Mr. Close argues the Government failed to present any evidence that the charged transactions involved the "profits" of specified illegal activities as defined in <u>United States v. Santos</u>, 128 S.Ct. 2020 (2008).  (CV08-191-N-EJL, Dkt. No. 7, pp. 12-14).

"There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>United States v. Ware</u>, 416 F.3d 1118, 1120-21 (9th Cir. 2005) (citations omitted).  The Government charged Mr. Close with nine counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).  In order to find Mr. Close guilty of those charges, the Government was required to prove beyond a reasonable doubt that Mr. Close: 1) conducted a financial transaction involving property that represented the proceeds of one or more health care offenses; 2) knew that the property represented the proceeds of one or more federal health care offenses; and 3) acted with the intent to promote the carrying on of the alleged federal health care offenses and/or the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the health care offenses.  (Dkt. No. 119, Jury Instr. 26).  On the Special Verdict Form, the Jury was asked as to each of the money laundering counts whether they found Mr. Close guilty or not guilty of each of the Government's theories: intent to promote and designed to conceal.  (Dkt. No.

MEMORANDUM ORDER - 10

120).  The Jury found Mr. Close guilty on all counts and on both theories.  (Dkt. No. 120).

Mr. Close argues that he engaged in legitimate business transactions that did not support a conviction under the intent to promote theory.  (Dkt. No. 285, p. 29).  Mr. Close does not provide more specifics as to which business transactions were legitimate. Regardless, the evidence at trial was sufficient for the Jury to have found Mr. Close guilty of the money laundering charges under the intent to promote theory.  The Government's evidence showed that Mr. Close had engaged in a fraudulent scheme that extended to his business, his bank accounts, the trust account, the construction company, and various other aspects of his personal and professional life.  The scheme to defraud was woven into most aspects of Mr. Close's personal and professional life over a period of years.  Even if Mr. Close had pointed to some legitimate business transactions it would not overcome the overwhelmingly sufficient evidence upon which the Jury found him guilty.  The scheme generated the bulk of Mr. Close's income over the years and the Government's evidence showed that income was used by Mr. Close to promote his fraudulent scheme.

As to the concealment theory, Mr. Close argues the evidence does not support his convictions in light of the recently decided United States Supreme Court case of Cuellar v. United States, 128 S.Ct. 1994 (2008).  In Cuellar, the Supreme Court overturned the defendant's conviction for transporting drug proceeds under 18 U.S.C. § 1956(a)(2)(B)(i) where the defendant, on a single occasion, drove a car over the boarder with illegal funds hidden inside.  The Supreme Court held that  the single act of transportation of illegal proceeds hidden in the vehicle was insufficient evidence to support a finding that the defendant's transportation was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the funds.  See Cuellar, 128 S.Ct. at 2002-2007.

Here, Mr. Close was convicted of nine counts of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i), for his conduct in engaging in sophisticated transactions through a financial institution knowing that the transactions were designed in whole or in part to

MEMORANDUM ORDER - 11

conceal the nature, location, source, ownership or control, of the illegal proceeds of his fraudulent scheme.  This conduct went on for several years and by way of several transactions; unlike the single act of the defendant in <u>Cuellar</u>.  As such, the evidence offered at trial was sufficient for the jury to conclude that Mr. Close's actions were designed to conceal the illegal proceeds from his fraudulent scheme.

Further, Mr. Close's reliance on <u>Santos</u> is misplaced.  In <u>Santos</u>, the Supreme Court concluded that under the money laundering statute the term "proceeds" refers to "profits" rather than "receipts" as applied in prosecution arising from an illegal stand-alone gambling operation.  Mr. Close contends the Government's evidence only showed that he had knowingly transferred money out of his healthcare business but no evidence was offered that the charged transactions involved profits of a specified illegal activity.  The money laundering convictions in this case were based on the proceeds from the health care fraud, not on an illegal gambling operation.  <u>See</u> <u>United States v. Demarest</u>, 570 F.3d 1232, 1242 (11th Cir. 2009) (recognizing the <u>Santos</u> decision narrowly applies to unlicensed gambling operations).  The Government's evidence of the money laundering charges in this case showed that Mr. Close used money fraudulently obtained from Medicare and Medicaid to conceal the proceeds of and to promote his scheme to defraud.  This evidence was more than sufficient to support the convictions.

B.    <u>Jury Instructions</u>:

Mr. Close argues the Court's instructions regarding the money laundering counts were defective and prejudicial.  In particular, Mr. Close cites error in the Court's Instruction that included language regarding willful blindness.  Such language, he argues, was unlawful and the facts did not support giving such an instruction in this case.  (Dkt. No. 285, pp. 32-36).

The Court's Jury Instruction Number 26 identified the three elements the Government was required to prove on the money laundering counts and defined certain terms.  (Dkt. No. 119, Jury Instr. 26).  Instruction Number 28, to which Mr. Close objects, instructed the jury

on the third element of the money laundering counts regarding the two intent theories argued

by the Government:  intent to promote and intent to conceal.  (Dkt. No. 119, Jury Instr. 28).

The Jury Instruction states:

> As to the third element of the money laundering counts, the government has alleged the defendant engaged in the financial transactions for two purposes, in other words, with two intents.  Specifically, the government alleges the defendant engaged in the financial transactions in the first instance, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of health care fraud.
>
> As to the alleged intent to promote, the government must show the defendant conducted the financial transaction for the purpose, that is to say the intent, of promoting the carrying on of health care fraud.  By carrying on a crime, it may be that the crime to be carried on is one that will be committed in the future, or it may be a crime already committed or a crime that is underway or ongoing that the defendant intended to continue or complete.  The criminal activity that the defendant intended to promote by conducting the financial transaction may be a continuation of the activity that generated the property involved in the offense.
>
> As to the alleged knowledge of a design to conceal, the government must show that the defendant conducted the financial transaction knowing that the purpose of the transaction was, at least in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of health care fraud.  **This may be established by proof that the defendant actually knew of the design to conceal, or knew because he was willfully blind.**
>
> Whether the government has satisfied its burden of proof as to the alleged intents is a question of fact for you, the jury, to decide.  The government may offer proof in the form of either direct or circumstantial evidence.  You may find that the government has met its burden of proof as to none, one or more, or all of the multiple intents charged in these counts.  In order to find the defendant guilty as to either one or both intents, however, you must agree unanimously as to the intent or intents which you find the government has proven beyond a reasonable doubt.

(Dkt. No. 119, Jury Instr. 28) (emphasis added).

Citing to <u>United States v. Stein</u>, Mr. Close argues the Government must prove he

actually knew that the proceeds in this case were obtained unlawfully.  (Dkt. No. 285, p. 33)

(37 F.3d 1407, 1410 (9th Cir. 1994)).  The emphasized language of the Instruction above,

Mr. Close argues, "significantly diluted the Government's burden of proof on this crucial

element of the offense."  (Dkt. No. 285, pp. 33-34).  The Court disagrees.  The Instruction

properly identified the Government's burden as to the third element of the money laundering

counts.  The reliance on <u>Stein</u> is misplaced.  In <u>Stein</u>, the Ninth Circuit overturned the

MEMORANDUM ORDER - 13

defendant's conviction because the court's general knowledge instruction and the specific money laundering instruction conflicted such that the instructions "omitted an element of the offense." Stein, 37 F.3d at 1410. In this case, the Court's Instructions do not conflict in such a way.

Mr. Close also contends the evidence did not support instructing the jury on willful blindness because the Government presented an "all or nothing" theory of the case and had no evidence that Mr. Close had purposely contrived to avoid learning the truth. (Dkt. No. 285, p. 35). The Government's evidence of the fraudulent scheme offered at trial supported including the willful blindness language. Regardless, even if the Court erred in providing such language, such err does not rise to the level requiring reversal as Mr. Close has not shown he was prejudiced. Further, there was no objection made at trial to the Court's Instructions nor was this issue raised in the direct appeal. (Dkt. No. 116).

IV.   Ineffective Assistance of Counsel:

Mr. Close has raised numerous claims of ineffective assistance of counsel by his trial counsel in that he did not: 1) object to the Court's Jury Instructions, 2) make a Rule 29 motion and challenge the sufficiency of the evidence, 3) object to the Government's introduction of expert testimony by Special Agent Gregory Gleason, and 4) present a forensic accountant on Mr. Close's behalf. (Dkt. No. 285, pp. 36-38).

A Petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. See McNeely v. Olivarez, 104 F.3d 365, 365 (9th Cir. 1996) (citing Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995)). A defendant fails to state

MEMORANDUM ORDER - 14

a claim for ineffective assistance if he fails to allege facts sufficient to meet _either_ the "performance" or "prejudice" prong, and the district court may summarily dismiss his claim.

To satisfy Strickland's first prong, the acts or omissions must fall "outside the wide range of professionally competent assistance." Strickland, at 690. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Strickland's second prong thus "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

In making this determination, the Court presumes counsel is "competent to provide the guiding hand that the defendant needs." United States v. Cronic, 466 U.S. 648, 658 (1984). "A court must scrutinize counsel's performance deferentially: 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Soppahthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004) (quoting Strickland, 466 U.S. at 690). Defense counsel has wide latitude in deciding how best to represent a client. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). The reasonableness of counsel's trial strategy depends "on informed strategic choices made by the defendant and on information supplied by the defendant." Strickland, 466 U.S. at 691.

In this case, it was clear that differences existed between Mr. Close and his trial counsel. However, being unhappy does not rise to the level of a Constitutional violation. Mr. Close must show that his trial counsel's performance was outside the wide range of professionally competent assistance and show that any errors were so serious that he was not afforded counsel as guaranteed by the Constitution. Mr. Close has not done so here. This Court observed trial counsel's performance throughout the entire proceedings and finds it to

MEMORANDUM ORDER - 15

have been adequate, competent, and professional.  Throughout the trial, Mr. Close and his trial counsel communicated at counsel table and conferred over the breaks.  Moreover, Mr. Close has not shown that but for any of the alleged deficiencies, there is a reasonable probability the results of the proceeding would have been different.  As such, the Court finds that Defendant has failed to state a claim for ineffective assistance of counsel.

V.      Additional Discovery and Evidentiary Hearing

        Mr. Close has requested leave to pursue additional discovery and for a hearing in this matter.  In particular, Mr. Close asks for discovery of the billing records of trial counsel and the investigator.  The Government disputes that this evidence would support his arguments. The Court denies both requests and finds this Petition is appropriate for summary dismissal as it plainly appears from the face of the Petition and supporting materials that Mr. Close is not entitled to the relief requested in the Petition.  See Rules 6, 8, Rules Governing § 2255 Proceedings in the United States District Court.  In order to withstand summary dismissal of his motion for relief under § 2255, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim."  United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).  Mr. Close has failed to do so here.  Instead, Mr. Close has made generalized arguments challenging the Court's consideration of trial counsel's sealed affidavits and rulings regarding his motion to continue, the Court's jury instruction, and the sufficiency of the Government's evidence as to the money laundering counts.  Mr. Close has, however, offered no specific factual allegations which would entitle him to relief.  The billing records would not assist in Mr. Close's claims which consist of challenges to trial counsel's decisions to object to certain evidence and jury instructions during the trial.

        Further, Mr. Close has failed to identify errors in these proceedings that constitute a fundamental defect resulting in a complete miscarriage of justice.  See Addonizio, 442 U.S. at 185.  Nor has Mr. Close provided a reason or basis for his request to conduct further discovery.  See Rule 6, Rules Governing § 2255 Proceedings in the United States District

MEMORANDUM ORDER - 16

Court.  As such the Court will deny the request for further discovery and for a hearing and summarily dismiss the Petition.

## ORDER

Being fully advised in the premises, the Court hereby orders that Petitioner's § 2255 Petition is **DENIED** and the and the civil case associated with this Petition, CR08-191-N-EJL, is **DISMISSED IN ITS ENTIRETY**.

The Clerk of the Court is directed to file this Order in both case numbers CV08-191-N-EJL and CR09-069-N0EJL.

DATED:  **August 20, 2009**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 17